UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER J. HIMMELREICH, | ) | CASE NO. 4:09CV0560 |
| Petitioner, | ) ) ) | JUDGE JAMES S. GWIN |
| -vs- | ) ) ) | |
| J. T. SHARTLE, et al., | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Respondents. | ) ) | |

Before the court is pro se petitioner Walter J. Himmelreich's petition for writ of habeas corpus seeking immediate release pursuant to 28 U.S.C. § 2241, which he filed in this court on March 16, 2009. A later consolidated Motion for Bail and Motion to Expedite Case Processing [Doc. # 8] was filed on April 20, 2009. Mr. Himmelreich, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton"), claims his imprisonment is a grievous miscarriage of justice over which this court has jurisdiction.

BACKGROUND[1]

On November 9, 2004, Mr. Himmelreich was arrested by an undercover law enforcement officer assigned to the Delaware County District Attorney's Office Internet Crimes Against Children ("ICAC"). He claims the state charges were eventually dismissed "nolle prosequi, in violation of Commonwealth of Pennsylvania law; which required them to be dismissed with prejudice." (Pet. at 1.) Petitioner pleaded guilty to the federal charges and was sentenced to 240 months in prison. United States v. Himmelreich, No. 1:CR-05-214 (M.D.Pa. 2006)

Petitioner maintains the dismissed state charges were unlawfully used in preparation of his Presentence Report, as well as to enhance his federal sentence. Moreover, he complains his attorney failed to argue at sentencing that this information was improperly being used to lengthen his term of imprisonment.

In the remainder of his petition, Mr. Himmelreich strings a series of paragraphs which level the following complaints:[2] (1) no schedule was established by the sentencing court to repay his $1,000 fine, thus, he is entitled to be resentenced; (2) new evidence should be examined,

---

[1] In order to fully evaluate the relevant facts in this case, the court also relied on facts recited in the court's Order denying petitioner's motion to suppress. See United States v. Himmelreich, No. 1:CR-05-214 (M.D.Pa. June 16, 2006)

[2] Mr. Himmelreich also alleges the following claim, for which the court cannot fathom any basis upon which he can advance this argument:

> That according to the indictment against the Petitioner, and in accord with the United States Statutes regarding production of an original work and copyright law, the date of Petitioner's offense predated the indictment, allowing for claims of actual and legal innocence by the Petitioner.

(Pet.at 4.)

which he considers Brady material, that shows the officers who testified during his hearing challenging the Speedy Trial Act perjured themselves; (3) the United States Attorney's Office suborned the perjury in preparation of its appellate brief; (4) he has been separated from his legal materials in prison in violation of the Fourth, Fifth, Sixth and Fourteenth Amendments; and, (5) he was never interviewed by the FBI. Lastly, Mr. Himmelreich states he suffered an inner ear injury after an altercation with another inmate. As a result, the medical staff allegedly recommended he travel with a "no-flight restriction." Rather than rely on a staff recommendation, petitioner seeks an order from the court directing that a "no-flight restriction" be authorized in the event he is brought before the court.[3]

## 28 U.S.C. § 2241

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977). Of the two types of claims, Mr. Himmelreich is clearly seeking to challenge his conviction and sentence.

Because the statute requires prisoners to attack their convictions through the court

---

[3]Mr. Himmelreich says he suffered in inner ear problem after being assaulted by a fellow prisoner. The medical staff allegedly suggested a no-flight restriction.

that sentenced them, and this court did not impose his sentence, this court lacks jurisdiction over his claim. See 28 U.S.C. § 2255. The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. See Bradshaw, 86 F.3d at 166.

It is only when the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention" that § 2255 provides a safety valve wherein a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence. United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997). The question then becomes, when is a petitioner's remedy considered inadequate or ineffective?

It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. See e.g., Charles v. Chandler, 180 F.3d 753, 756 (6th Cir.1999) (per curiam). Moreover, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. See In re Davenport, 147 F.3d 605, 608 (7th Cir.1998).

It is only when a prisoner has shown an intervening change in the law establishes his actual innocence that he can invoke the savings clause of § 2255 and proceed under § 2241. Lott v. Davis, No. 03-6172, 2004 WL 1447645, at *2 (6th Cir. June 18, 2004)(unpublished)("it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in

order to obtain the benefit of the savings clause"); see Martin v. Perez, 319 F.3d 799, 804 (6th Cir.2003); United States v. Peterman, 249 F.3d 458, 462 (6th Cir. 2001)("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence").  Mr. Himmelreich claims that new evidence showed officers committed perjury while testifying during the hearing on his Speedy Trial Act challenge, and that his 240 month sentence violates 18 U.S.C. § 3553(b)(2).

These claims do not qualify as actual innocence. 'To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." ' Martin, 319 F.3d at 804 (quoting in Bousley v. United States, 523 U.S. 614, 623 (1998)). "Actual innocence" in this regard means factual innocence, rather than mere legal insufficiency. Id.  Every argument Mr. Himmelreich raises is directed at a claim of legal insufficiency.

Mr. Himmelreich has failed to present any argument to support why his § 2255 remedy is inadequate. A federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. Furthermore, unlike other prisoners who have obtained review of their viable innocence claims under § 2241 because they did not have a prior opportunity to present their claims, see, e.g., In re Davenport, 147 F.3d 605, 609, 611 (7th Cir.1998), Mr. Himmelreich had the opportunity to raise his claim in a § 2255 motion to vacate.

5

With regard to his claim that the sentencing court failed to establish a repayment schedule, that issue was addressed in this court's May 5, 2009 Order denying the TRO petitioner filed in this case. For all the reasons set forth in this court's Order denying the TRO, petitioner has failed to state a claim for habeas relief regarding a payment schedule.

Based on the foregoing, petitioner's Motion to Proceed In Forma Pauperis is granted. The Motion for Bail is **denied** and Motion to Expedite Case Processing is **granted**. Accordingly, the petition is **dismissed** pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: May 12, 2009                                   *s/     James S. Gwin*
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE